DANIEL J. KIEFFER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kieffer v. Commissioner
Docket No. 3617-89
United States Tax Court
T.C. Memo 1990-612; 1990 Tax Ct. Memo LEXIS 685; 60 T.C.M. (CCH) 1355; T.C.M. (RIA) 90612; December 5, 1990, Filed *685 Decision will be entered under Rule 155. Alan N. Shovers, for the petitioner. Timothy S. Sinnott, for the respondent. CLAPP, Judge. CLAPP
*1966 MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined the following deficiencies in and additions to the Federal income taxes of petitioner and his wife: Additions to tax under section Year
Deficiency
6653(b) 6653(b)(1) 6653(b)(2) 6661
1981
$ 19,550
$ 9,775 --
--
--  1982
13,571
--
$ 6,786
50% of the
$ 3,393
interest due
on $ 13,571
1983 15,041
--
7,521
50% of the
3,760
interest due
on $ 15,041
1984
15,981
--
7,991
50% of the
3,995
interest due
on $ 15,844
1985
15,284
--
7,642
50% of the
3,821
interest due
on $ 15,145
*686 The section 6653(b) additions to tax apply to petitioner's wife, Suzanne H. Kieffer (Suzanne), but not to petitioner. After concessions by petitioner for 1984 and 1985, the issue is whether petitioner is entitled to innocent spouse status under section 6013(e)(1) and, thus, is relieved of liability for the deficiencies and the section 6661 additions to tax. All section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts are stipulated and are so found. Petitioner resided in Evansville, Indiana when he filed his petition. Petitioner was married to Suzanne during the years in issue, and they timely filed joint Federal income tax returns for those years. Suzanne did not file a petition and is not a party to this case. Petitioner has a bachelor of science degree in art and design from Purdue University. For the years at issue, he was employed as an art director for an advertising agency. Petitioner was unable to manage money very well, and he and Suzanne decided early in their marriage that *1967 she would handle the couple's financial *687 affairs. Although Suzanne and petitioner had a checking account, she kept possession of the checkbook, paid the household bills, received the monthly statements, and balanced the account. Petitioner occasionally wrote checks and made deposits, but he and Suzanne never discussed finances. For the years 1981 through 1985, Suzanne prepared the couple's joint Federal income tax returns, and petitioner signed them without reviewing their contents. Unbeknownst to petitioner, Suzanne embezzled money from her employer, and such funds were not reported on the couple's joint income tax returns. Petitioner first learned of Suzanne's embezzlement in November 1986. Suzanne was an executive secretary for the Indiana Film Circuit Library Services Authority, a cooperative organization of public libraries. For the years at issue, she was in charge of writing checks for the authority and would write checks to herself and deposit them in her bank account. From 1981 through 1985, Suzanne embezzled approximately $ 30,000 to $ 40,000 per year. Suzanne spent much of the money she embezzled shopping (primarily buying clothing for herself and her and petitioner's two grown children, although she *688 did buy some items for petitioner). Neither of their two children lived at home during the years at issue except for one 5-month period when their daughter lived at home. After Suzanne engaged in a shopping spree, petitioner would have an idea that she had purchased new items but would not know the extent or cost of her purchases. The children had charge cards for which Suzanne paid the amounts charged. Suzanne spent money entertaining and dining out. Petitioner and Suzanne entertained mutual friends in their home virtually every Sunday evening because Suzanne suffered from depression, and it cheered her up to entertain. Suzanne spent funds purchasing art from struggling artists whose studios were in the same building as her office. Suzanne took these artists out to lunch. Another manner in which Suzanne spent money was purchasing food, liquor, and other items for a friend who had started a restaurant. During the years at issue, petitioner and Suzanne reported gross income of approximately $ 39,000 to $ 46,000 per year, which consisted principally of their salaries. Suzanne pled guilty to forgery and theft in connection with her embezzlement and was incarcerated. While Suzanne *689 was in jail, she told an Internal Revenue Service (IRS) agent that she was unable to prepare a breakdown of her spending for the years of her embezzlement. The terms of her probation provided that for a period of 5 years she must perform public service work. Petitioner and Suzanne did not lead a lavish lifestyle. During the years at issue, they lived in a rented apartment, did not own a home, and did not have a savings account. Petitioner drove a 1976 TR-6 and Suzanne a 1979 Volvo. Their vacations during 1981 through 1985 included two trips to Florida, one trip to Georgia, and one trip to California, occasional weekend trips, and a yearly trip for Suzanne alone to visit her daughter in California. During the years at issue, petitioner did not own an unusually large or expensive wardrobe. Petitioner and Suzanne owned approximately 12 pieces of art with a value of not more than $ 300 or $ 400 each. They were still married and living together at the time of trial. OPINION A taxpayer must satisfy each element of section 6013(e)(1) in order to qualify as an innocent spouse for relief from liability for a substantial understatement of tax arising from a joint return. Shea v. Commissioner, 780 F.2d 561, 565 (6th Cir. 1986), *690 affg. in part and revg. in part a Memorandum Opinion of this Court; Bokum v. Commissioner, 94 T.C. 126, 138 (1990). The parties agree that petitioner has met all but two of the requirements of section 6013(e)(1). The disputed requirements are: (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all of the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax attributable to such substantial understatement * * *. [Sec. 6013(e)(1)(C) and (D)]. To satisfy paragraph (C), the taxpayer carries the burden of establishing that in signing the return, he or she did not know, and had no reason to know, of the circumstances which give rise to the error on the return. Bokum v. Commissioner, supra at 145-146; Purcell v. Commissioner, 86 T.C. 228, 238 (1986) affd. 826 F.2d 470 (6th Cir. 1987). Whether a taxpayer knew or had reason to know of an omission from income is a question of fact. Sanders v. United States, 509 F.2d 162, 165-166 (5th Cir. 1975). *691 Factors considered to determine whether a spouse had reason to know of omissions from income include the standard of living enjoyed by the taxpayer, the presence of unusual or lavish expenditures, and the extent of the purportedly innocent spouse's participation in business affairs or bookkeeping. Sanders v. United States, supra at 167; Mysse v. Commissioner, 57 T.C. 680, 698-699 (1972). Petitioner asserts that he did not have actual knowledge of his wife's embezzlement when he signed the relevant tax returns. We agree. We must then consider whether petitioner had reason to know of an additional source of income. Respondent asserts that the standard of living of petitioner and Suzanne so exceeded their *1968 reported income that petitioner should have been alerted to inquire about their finances. However, we think respondent misinterprets the facts. Petitioner and Suzanne lived in a rented apartment, drove modest cars, and did not have a savings account. Petitioner had an average wardrobe and jewelry. Petitioner's and Suzanne's standard of living, as petitioner knew it, was not noticeably beyond their means as reflected by their *692 combined incomes. Mysse v. Commissioner, supra at 698-699. Petitioner and Suzanne together did not make unusual or lavish expenditures. They took modest vacations to Florida, Georgia, or California. Suzanne made some substantial expenditures by herself such as engaging in shopping sprees, buying gifts for her children, and buying lunch or gifts for her artist and restauranteur friends. However, petitioner did not participate in and was unaware of such expenditures. Petitioner did not participate in the financial affairs of the family. Suzanne had control over the couple's checking account and paid all bills. Both Suzanne and the children testified that they never spoke to petitioner about money. We find this testimony credible. On the facts of this case, petitioner was not, nor should he have been alerted, to Suzanne's embezzlement. Respondent contends that Suzanne's testimony is not worthy of belief as she is a convicted felon. He asserts that her credibility is further undermined by the fact that she and petitioner are still married and living together, and the terms of her probation require her to perform public service work for 5 years. Thus, *693 Suzanne has a financial stake in the outcome of the case. Suzanne's testimony is the main source of evidence that the embezzled funds were spent on things of which petitioner had no knowledge. During her testimony, Suzanne admitted that while she was incarcerated, she told an IRS agent that she was unable to prepare a breakdown of her spending, but explained that this was because she was in jail and did not have access to her records. She could and did prepare an explanation once she returned home. After observing her demeanor at trial, we find Suzanne to be a credible witness and her explanation of her later ability to recount her spending habits believable. Petitioner has carried his burden of establishing that in signing the relevant income tax returns he did not know, and had no reason to know, of the substantial understatements of tax. Inequity of innocent spouse's liability
The last requirement of section 6013(e)(1) is that it would be inequitable to hold petitioner liable for the deficiency. To make this determination, we take into account all of the facts and circumstances. It is not inequitable to hold a taxpayer liable when the taxpayer significantly benefited, *694 directly or indirectly, from the omitted income. Purcell v. Commissioner, 86 T.C. 228, 241 (1986), affd. 826 F.2d 470 (6th Cir. 1987). Significant benefit does not exist where omitted income is used primarily for normal support. Sec. 1.6013-5(b), Income Tax Regs.; Mysse v. Commissioner, 57 T.C. at 698. A spouse may be held to benefit significantly if there is an accumulation of assets from embezzled funds which the spouse enjoys. Mysse v. Commissioner , supra at 699. Respondent asserts that it would not be inequitable to hold petitioner liable because petitioner significantly benefited by enjoying a higher standard of living, entertaining often, dining out, taking vacation trips, and making numerous gifts to his children. However, we note that many of these items fall within the normal range of support. For example, having people over for Sunday dinner or dining out occasionally are not lavish or extraordinary expenditures for a couple who had an income of approximately $ 39,000 to $ 46,000 per year in 1981 through 1985. Normal support includes an occasional vacation trip. With *695 respect to gifts to the children, petitioner and the children testified that petitioner was not aware of or involved in these gifts, and the children did not thank him, but rather thanked their mother. Thus, it was primarily Suzanne who reaped the benefit of her children's gratitude. The only assets petitioner and Suzanne had accumulated were pieces of art, the fair market value of which does not exceed what could have been acquired with reported income. Although petitioner's lifestyle was slightly enhanced by the embezzled funds, he did not significantly benefit. Petitioner has carried his burden of showing he is entitled to innocent spouse relief. Section 6661
Under section 6013(e)(1), if a taxpayer qualifies for innocent spouse status, then such taxpayer is relieved of liability for tax "including interest, penalties, and other amounts" which relate to a substantial understatement attributable to the other spouse. The section 6661 additions to tax at issue are attributable to the substantial understatements caused by Suzanne's embezzlement. He is therefore entitled to relief from liability for the section 6661 additions to tax which relate to such deficiencies. Anderson v. Commissioner, T.C. Memo. 1975-104. *696 Decision will be entered under Rule 155.